IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 07-cr-30119-MJR |
| ) | |
| BRUCE WALKER,  ) | |
| ) | |
| Defendant.  ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

   This matter is now before the Court on Defendant Bruce Walker's unopposed motion for early termination of his ten-year term of supervised release. Defendant Walker has successfully completed approximately six of the ten years to date.[1] His underlying offense of conviction carried a mandatory minimum term of supervised release of five years under 18 U.S.C. § 3583(k). Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate supervised release at any time after the expiration of a year if it finds that early termination is warranted and in the interest of justice. *See also* **FED. R. CRIM. PROC. RULE 32.1(c)(2) (allowing for modification of supervised release without a hearing)**. In considering a motion for early termination of supervised release, the Court shall consider the statutory factors in 18 U.S.C. § 3553(a). *See **United States v. Lowe**, 632 F.3d 996, 998-99 (7th Cir. 2011).* The factors include, among other things, the

---

[1] The Government agrees that he began probation on May 24, 2011 (*See* Doc. 63).

nature and circumstances of the offense, the need for the sentence imposed to reflect seriousness, deter criminal conduct, protect the public, and provide educational or other corrective treatment as needed.

In his *pro se* motion, Defendant Walker provided detailed facts and arguments as to each of the factors (*See* Doc. 61).  For example, he explained that he has very strong community and family support, that he is gainfully employed as an auto mechanic at a reputable local dealer, and that he has not violated supervised release in any way (*Id.* at 6-7).  In its response, the Government indicates that it has no opposition to early termination, and that it agrees that the § 3553(a) factors support early termination (Doc. 63).  The Government also indicates that it consulted with the probation officer prior to reaching its decision not to oppose this request (*Id.*).  The Court finds that the seriousness of the underlying offense weighs against early termination, but that all the other factors specific to this Defendant weigh in favor of early termination.  The Court is also persuaded by the support of the Government for this early termination.  Accordingly, after having considered the pleadings and the § 3553(a) factors, this Court **GRANTS** Defendant Bruce Walker's Motion for Early Termination.

    IT IS SO ORDERED.

    DATED: May 11, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge
